Filed 4/9/26  Sellers v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DAVONYAE SELLERS, | C100036 |
| Petitioner, | (Super. Ct. No. 21FE018661) |
| v. | OPINION ON TRANSFER |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

This writ proceeding arises from the denial of a motion to suppress evidence obtained during a warrantless vehicle search.

Petitioner Davonyae Sellers (defendant) was riding in the front passenger seat of a vehicle that was stopped by police for a minor traffic infraction.  (*Sellers v. Superior Court* (2026) 19 Cal.5th 75, 79-80 (*Sellers*).)  In the course of the traffic stop, police officers observed a "rolling tray" on the backseat as well as a small, but " 'usable' " amounts of loose marijuana scattered on the rear floor of the vehicle.  (*Id.* at pp. 80-81.)

1

The officers then conducted a probable cause search of the vehicle. (*Id.* at p. 80.) During the search, officers discovered an unregistered pistol near the front passenger seat. (*Ibid.*)

Defendant was charged with unlawful possession of a firearm by a person previously adjudged a ward of the juvenile court. (*Sellers, supra*, 19 Cal.5th at p. 80.) Defendant moved to suppress evidence of the gun on the basis that there was no probable cause to justify the vehicle search. (*Ibid.*) The magistrate denied the motion, holding that the search was supported by probable cause because the loose marijuana observed by the officers constituted " 'contraband.' " (*Ibid.*) The trial court upheld the magistrate's ruling. (*Ibid.*)

In our prior opinion, a divided panel of this court upheld the search, concluding that the loose marijuana was contraband being "illegally transported" in violation of Health and Safety Code section 11362.3, subdivision (a)(4),[1] which makes it an infraction to have an "open container" of marijuana "while driving, operating, or riding in the passenger seat or compartment of a motor vehicle . . . ." (*Sellers, supra*, 19 Cal.5th at p. 76; see *Sellers v. Superior Court* (2024) 104 Cal.App.5th 468, 478, review granted Dec. 18, 2024, S287164, reversed by, remanded by *Sellers, supra*, 19 Cal.5th 75.) Although the "literal meaning" of the statute would seem to require the presence of an " 'open container,' " we construed the statute, " 'consistent with its apparent purpose, to prohibit any person from possessing marijuana *that is not in a closed package or container* while driving, operating, or riding as a passenger in a vehicle.' " (*Sellers*, at p. 83.) We also concluded that, even if the marijuana were not contraband, the totality of the circumstances observed by the police officers—including the rolling tray and marijuana, nervous behavior, and the driver's denial concerning the presence of marijuana in the vehicle—supported the search. (*Id*. at pp. 80-81, 89.)

---

[1]     Undesignated section references are to the Health and Safety Code.

The California Supreme Court granted defendant's petition for review and reversed our judgment. (*Sellers, supra*, 19 Cal.5th at p. 92.) Partly agreeing with our opinion, the Supreme Court concluded that section 11362.3, subdivision (a)(4), cannot be read literally to require the presence of a container. (*Sellers,* at p. 83.) However, the Supreme Court disagreed with our conclusion that marijuana must be in a "sealed" package or container to be lawful under the statute. (*Id*. at pp. 84-88.) Instead, according to the court, what the statute prohibits is "conduct bearing a discernible nexus to the potential for impaired driving." (*Id*. at p. 86.) Thus, to violate the statute, "marijuana in a vehicle must be of a usable quantity, in imminently usable condition, and readily accessible to an occupant." (*Id*. at p. 87.)

Applying this interpretation to the facts, the California Supreme Court concluded that the small amount of loose, crumbled marijuana on the vehicle's floorboards did not violate section 11362.3, subdivision (a)(4). (*Sellers, supra*, 19 Cal.5th at p. 88.) Even if it was a "usable" amount of marijuana, the court held that there was no evidence that the marijuana was in an "imminently usable condition" or "readily accessible" to anyone in the vehicle. (*Ibid*.) Thus, the court found no statutory violation giving rise to probable cause for the search. (*Id*. at p. 92.)

The California Supreme Court also disagreed with our alternative analysis that the totality of the circumstances supplied probable cause for the search. (*Sellers, supra*, 19 Cal.5th at pp. 89-92.) Accordingly, the court reversed our decision and transferred the matter back to us for further proceedings, including the determination of the proper remedy. (*Id*. at p. 92.)

DISPOSITION

In light of the California Supreme Court's opinion, we shall grant the relief requested.  Let a peremptory writ of mandate issue directing the respondent court to grant defendant's motion to suppress the evidence obtained by the warrantless search of the vehicle; reconsider its ruling on defendant's motion to dismiss under Penal Code section 995; and conduct such further proceedings in this matter as are appropriate and consistent with this opinion and the Supreme Court's opinion in *Sellers, supra*, 19 Cal.5th 75.

\s\
Krause, J.

We concur:

\s\
Earl, P. J.

\s\
Duarte, J.

4